

**Nick Brown**
# ATTORNEY GENERAL OF WASHINGTON
Administration Division
PO Box 40100 ● Olympia, WA 98504-0100 ● 360-753-6200

May 30, 2025

***Sent via CM/ECF Electronic Filing***

Molly Dwyer
Clerk of the Court
James R. Bowning Courthouse
95 7th Street
San Francisco, CA 94103

**Re:** ***Union Gospel Mission of Yakima Washington v. Brown, et al.*, No. 24-7246**
     **Fed. R. App. P. 28(j) Citation to Supplemental Authority**

Dear Ms. Dwyer:

This Court's recent decision in *Olympus Spa v. Armstrong*, No. 23-4031, 2025 WL 1524109 (9th Cir. May 29, 2025), squarely supports Defendants-Appellants' argument that the Washington Law Against Discrimination (WLAD) is neutral and generally applicable because it does not treat secular activity more favorably than religious exercise, provide for individualized exemptions, or evidence hostility to religion. Opening Br. at 21-37; Reply Br. at 6-13.

In *Olympus Spa*, this Court rejected a free exercise claim by a Korean spa that granted access to "biological women" but excluded transgender women who have not received gender confirmation surgery. The spa complained that Washington's WLAD enforcement action against it violated the First Amendment. This Court held:

> WLAD is both neutral and generally applicable. The statute is neutral because its object, text, legislative history, and real-world operation are neutral with respect to religious exercise. *Tingley v. Ferguson*, 47 F.4th 1055, 1085-87 (9th Cir. 2022), *cert. denied*, 144 S. Ct. 33 (2023). Nothing in the statute "prohibits religious conduct while permitting secular conduct." *Id.* at 1088 (citation omitted); see also *Fulton* [*v. City of Philadelphia*], 593 U.S. [522,] 534-35 [(2021)] (same); *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 542-43 (1993)….WLAD is also generally applicable. WLAD offers no "formal mechanism for granting" individualized exceptions, and its nondiscrimination

ATTORNEY GENERAL OF WASHINGTON

May 30, 2025
Page 2

> provisions apply to religious and secular conduct alike. *See Tingley*, 47 F.4th at 1088 (citing *Fulton*, 593 U.S. at 537).…WLAD is not underinclusive because it imposes the same requirements on religious and non-religious organizations alike, and its broad scope is commensurate with the anti-discrimination interests that the statute advances. *See Parents for Privacy v. Barr*, 949 F.3d 1210, 1236 (9th Cir. 2020).…WLAD's carveouts apply to categories of businesses rather than individuals or individual businesses. These exclusions are mandatory, not discretionary, and require no consideration of the "particular reasons" for a business's conduct. This mandatory language stands in contrast to *Fulton*, where the challenged foster care contract provision included "a formal system of entirely discretionary exceptions" which the Commissioner could grant "in his/her sole discretion." 593 U.S. at 535-36.

2025 WL 1524109, at *8-9.

*The body of this letter contains 349 words.*

Respectfully submitted,

*s/ Cynthia L. Alexander*
Cynthia L. Alexander, WSBA 46019
Deputy Solicitor General
(206) 326-5488
Cynthia.Alexander@atg.wa.gov
*Counsel for Defendants-Appellants*
