

June 2, 2025

Molly Dwyer
Clerk of the Court
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

> Re:  *Union Gospel Mission of Yakima Washington v. Brown*, No. 24-7246
> Response to Defendants-Appellants' Rule 28(j) letter, Dkt. 83.1.

Dear Ms. Dwyer:

The State's recent letter says *Olympus Spa v. Armstrong*, No. 23-4031, 2025 WL 1524109 (9th Cir. May 29, 2025), "squarely supports" its position here. Dkt. 83.1. That's wrong for several reasons.

First, the for-profit business in that case was "not a religious institution" and "hard pressed to identify how WLAD regulates its beliefs." 2025 WL 1524109, at *7, 9. So even under the most "charitable reading" of the law, the spa was only "incidentally burdened." *Id*. at *9. In contrast, WLAD would severely intrude into the Mission's internal affairs—and directly burden its religious exercise—by forcing the nonprofit religious ministry to hire those who reject its faith. *See* Ans. Br. 42–53.

Second, *Olympus Spa* addressed WLAD's application to a "proprietor-customer relationship," "not an employment relationship." 2025 WL 1524109, at *9. It did not mention, let alone analyze, the fact that WLAD allows employers with fewer than eight employees to discriminate based on race, sex, religion, or any other protected characteristic. Wash. Rev. Code § 49.60.040(11). Nor did the Court consider that state tribal schools can "implement[] a policy of Indian preference in employment," *id*. § 49.60.400(7), or that employers can discriminate based on any "protected status" so long as it is "essential to or will contribute to the accomplishment of the purposes of the job," Wash. Admin. Code § 162-16-240; *see also* Wash. Rev. Code § 49.60.180(1). Those exemptions make the law not generally applicable as applied to the Mission. *See* Ans. Br. 28–40.

Finally, *Olympus Spa* did not conduct a full general-applicability analysis. It merely asked if an exemption for private entities from WLAD's public-accommodation provisions qualified as a "mechanism for individualized exemptions." 2025 WL 1524109, at *9. It did not assess whether that exemption—or any others—treated "comparable secular activity more favorably than religious exercise," which destroys

Molly Dwyer
June 2, 2025
Page 2

general applicability all the same. *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.,* 82 F.4th 664, 686 (9th Cir. 2023) (en banc) (quoting *Tandon v. Newsom*, 593 U.S. 61, 62 (2021)).

Respectfully Submitted,

s/ *Jeremiah Galus*
  Jeremiah Galus
  ALLIANCE DEFENDING FREEDOM
  15100 N. 90th Street
  Scottsdale, AZ 85260
  (480) 444-0020
  jgalus@adflegal.org

  *Counsel for Plaintiff-Appellee*

Molly Dwyer
June 2, 2025
Page 3

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 342 words and complies with Federal Rule of Appellate Procedure 28(j).

*s/ Jeremiah Galus*
Jeremiah Galus

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit on June 2, 2025, using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Jeremiah Galus*
Jeremiah Galus

*Counsel for Appellant*