**FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNION GOSPEL MISSION OF YAKIMA WASHINGTON,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>NICK BROWN, in his official capacity as Attorney General of Washington State; ANDRETA ARMSTRONG, in her official capacity as Executive Director of the Washington State Human Rights Commission; DEBORAH COOK, in her official capacity as Commissioner of the Washington State Human Rights Commission; GUADALUPE GAMBOA, in her official capacity as Commissioner of the Washington State Human Rights Commission; JEFF SBAIH, in his official capacity as Commissioner of the Washington State Human Rights Commission; HAN TRAN, in his official capacity as Commissioner of the Washington State Human Rights Commission,<br><br>    Defendants - Appellants. | No. 24-7246<br><br>D.C. No.<br>1:23-cv-03027-MKD<br>Eastern District of Washington, Yakima<br><br>**ORDER** |

**MURGUIA**, Chief Judge:
Dissent by Judge Bumatay

Upon the vote of a majority of nonrecused active judges, it is ordered that

this case be reheard en banc pursuant to Federal Rule of Appellate Procedure 40(c)

and Circuit Rule 40-3.  The three-judge panel opinion is vacated.

FILED

JUN 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



*Union Gospel Mission of Yakima Washington v. Brown*, et al. 24-7246

BUMATAY, Circuit Judge, joined by VANDYKE and TUNG, Circuit Judges, dissenting from the grant of rehearing en banc:

We face an alarming trend on this court. It goes without saying that the First Amendment's protection of religious liberty is among our most fundamental and cherished rights. Simply, the freedom of religion is central to our freedom. Indeed, our nation was formed in part to break from government oppression of the religious. So this right is "a peculiarly American conception"—"one that emphasizes the integrity and diversity of religious life rather than the secularism of the State." Michael W. McConnell, *The Origins and Historical Understanding of Free Exercise of Religion*, 103 Harv. L. Rev. 1409, 1416 (1990).

Despite this, the Ninth Circuit has relegated religious liberty to a second-class right. In case after case, our court has condoned governmental interference with the rights of the religious to practice their faith as they believe. *See, e.g.*, *Kennedy v. Bremerton Sch. Dist.*, 4 F.4th 910, 945 (9th Cir. 2021) (R. Nelson, J., dissenting from the denial of reh'g en banc); *Hittle v. City of Stockton*, 101 F.4th 1000, 1019 (9th Cir. 2024) (VanDyke, J., dissenting from denial of reh'g en banc); *Olympus Spa v. Armstrong*, 169 F.4th 817, 862 (9th Cir. 2026) (Tung, J., dissenting from denial of reh'g en banc); *Woolard v. Thurmond*, 170 F.4th 701, 710 (9th Cir. 2026) (Bumatay, J., dissenting from denial of reh'g en banc); *Detwiler v. Mid-Columbia Medical Ctr.*, 172 F.4th 1072, 1072 (9th Cir. 2026) (Forrest, J., dissenting from denial of reh'g en

1

banc). And our failure to guard against intrusions on religious liberty has not gone unnoticed. *See Mirabelli v. Bonta*, 607 U.S. 492, 496–97 (2026).

Now, with this en banc vote, we continue down this disturbing path. In what is likely a foregone conclusion, our court steps toward endorsing the view that States can force a religious organization to hire individuals who openly flout its religious beliefs and teachings. As a matter of constitutional first principles and precedent, that's wrong. *See Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 746 (2020). Perhaps I'm wrong, in which case I will celebrate the win for the First Amendment. But given our court's track record, I have doubts.

The Constitution exists for a reason. It enshrines enduring principles. Those principles must be protected against all—even against encroachment by popular causes. But the Ninth Circuit has made clear that it will subordinate religious liberty—that precious American principle—whenever its judges decide that the right simply isn't worth it.

We are better than this.

I respectfully dissent from the grant of rehearing en banc.

2