**Nick Brown**
**ATTORNEY GENERAL OF WASHINGTON**
Administration Division
PO Box 40100 ● Olympia, WA 98504-0100 ● 360-753-6200

September 15, 2026

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94013

RE: ***Union Gospel Mission of Yakima v. Brown et al.*, No. 24-7246**
**To be argued en banc September 29, 2026**

Dear Ms. Dwyer:

In two recent cases, the Western District of Michigan rejected religious employers' arguments claiming that the church autonomy doctrine exempts their employment practices from Michigan's antidiscrimination laws by providing an affirmative right to hire only "co-religionists" who adhere to their statements of faith. *Christian Healthcare Ctrs., Inc. v. Nessel*, No. 1:22-cv-00787, 2026 WL 2542702 (W.D. Mich. Aug. 5, 2026); *Sacred Heart of Jesus Parish, Grand Rapids v. Nessel*, No. 1:22-cv-01214, 2026 WL 2546217 (W.D. Mich. Aug. 5, 2026). In these pre-enforcement cases, virtually identical to each other and very similar to this case, the district court explained: "[T]he 'key question under modern doctrine, then, is…which employees are so key to the institution's religious function so as to place the employee within the ministerial exception?'" *Id*. at *11 (quoting *Pulsifer v. Westshore Christian Acad.*, 142 F.4th 859 (6th Cir. 2025)). These cases address the issues argued in Appellants' Petition for Rehearing or Rehearing En Banc at 7-17 and Opening Brief of Appellants at 38-42. ECF No. 96.1 at 7-17; ECF No. 10.1 at 38-42.

In each case, the district court also held that Michigan's antidiscrimination law does not violate other First Amendment principles UGM raised in this case. *Compare*

*Sacred Heart*, 2026 WL 2546217, at *12-19 (addressing claims based on expressive association and lack of general applicability), *with* 3-ER-326-330 (same).

The Western District of Michigan joins district courts across the country in rejecting the arguments UGM presses here. *See, e.g.*, *McMahon v. World Vision, Inc.*, 704 F. Supp. 3d 1121, 1132, 1141-45 (W.D. Wash. 2023), *rev'd on other grounds*, 147 F.4th 959 (9th Cir. 2025); *Zinski v. Liberty Univ.*, 777 F. Supp. 3d 601, 638-50 (W.D. Va. 2025); *Gen. Conf. of Seventh-Day Adventists v. Horton*, 787 F. Supp. 3d 99, 110-22; (D. Md. 2025); *Doe v. Cath. Relief Servs.*, 779 F. Supp. 3d 545, 563-67 (D. Md. 2025). While appeals are pending in some cases, courts consistently hold that a coreligionist exception "expands the underlying religious autonomy doctrine and ministerial exception more broadly than the Supreme Court's body of caselaw currently permits." *Sacred Heart*, 2026 WL 2546217 at *12.

*The body of this letter contains 348 words.*

Respectfully submitted,

s/*Noah Guzzo Purcell*
NOAH GUZZO PURCELL, WSBA 43492
*Solicitor General*
(206) 326-5488
Noah.Purcell@atg.wa.gov
*Counsel for Appellants*