ALLIANCE
DEFENDING
FREEDOM

That *all* might be free.

September 21, 2026

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94013

**Re: *Union Gospel Mission of Yakima v. Brown et al.*, No. 24-7246**
**To be argued en banc September 29, 2026**

Dear Ms. Dwyer:

Plaintiff-Appellee submits this letter regarding *Christian Healthcare Centers, Inc. v. Nessel* ("*CHC*"), No. 1:22-cv-00787, 2026 WL 2542702 (W.D. Mich. Aug. 5, 2026), and *Sacred Heart of Jesus Parish v. Nessel*, No. 1:22-cv-01214, 2026 WL 2546217 (W.D. Mich. Aug. 5, 2026). Neither out-of-circuit decision resolves the issues here or supports a ruling for the State.

*First*, despite "favorable language" from "Supreme Court and Sixth Circuit decisions" suggesting church autonomy applies to non-ministerial employees, the court declined to extend the doctrine only because such precedent did not explicitly say it covers non-ministers. *CHC*, 2026 WL 2542702, at *10. That inverts the proper inquiry: the burden is on the government to justify forcing religious organizations to employ nonbelievers. And it departs from the majority rule protecting faith-based hiring for all positions. *E.g.*, *Butler v. St. Stanislaus Kostka Cath. Acad.*, 609 F. Supp. 3d 184, 198–204 (E.D.N.Y. 2022); *Garrick v. Moody Bible Inst.*, 412 F. Supp. 3d 859, 871–73 (N.D. Ill. 2019); Ans.Br.47–50 (citing cases).

In any event, *CHC* ultimately held there was "sound reason" to conclude the doctrine protected the plaintiff's refusal to provide medical services conflicting with its beliefs, 2026 WL 2542702, at *19, confirming the doctrine extends beyond the ministerial exception. And both *CHC* and *Sacred Heart* allowed religious autonomy to be raised affirmatively under Section 1983. *Contra* Pet. for Reh'g 17.

*Second*, unlike WLAD, Michigan's law contains no small-employer exemption. *See CHC*, 2026 WL 2542702, at *1. So those decisions do not address whether such an exemption undermines the government's asserted interest in eliminating discrimination—and thus destroys general applicability. Ans.Br.28–30.

*Third*, the court rejected the plaintiffs' expressive-association claims because it found no authority for applying expressive association "within the context of an employment relationship." *CHC*, 2026 WL 2542702, at *12. But this Court applies expressive association in the employment context, as do other courts of appeals. *See Youth 71Five Ministries v. Williams*, 160 F.4th 964 (9th Cir. 2025) (forcing religious ministry to employ people "who reject its Statement of Faith" burdens "expressive association"); *Slattery v. Hochul*, 61 F.4th 278, 288 (2d Cir. 2023).

Respectfully submitted,

s/*Kristen Waggoner*
Kristen Waggoner
Counsel for Plaintiff-Appellee

Word Count: 348